IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY TERRAZAS,<br>　　　　Plaintiff,<br><br>v.<br><br>CLEAN HARBORS ENVIRONMENTAL SERVICES, INC.; OLEIN RECOVERY CORPORATION; SAFETY KLEEN ENVIROSYSTEMS COMPANY OF PUERTO RICO, INC.; and CLEAN HARBORS CARIBE, INC.,<br>　　　　Defendants. | § § § § § § § § § § § § § § § | CASE #: _____<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff, ANTHONY TERRAZAS files this Complaint complaining of and against Defendants, CLEAN HARBORS ENVIRONMENTAL SERVICES, INC., OLEIN RECOVERY CORPORATION, SAFETY KLEEN ENVIROSYSTEMS COMPANY OF PUERTO RICO, INC., and CLEAN HARBORS CARIBE, INC., and for cause of action would show the Court the following:

### Nature of the Case

1.　When inspecting a tractor-trailer in La Porte, Texas, in the course of his duties as a Texas Department of Public Safety Trooper, Plaintiff Anthony Terrazas was exposed to, and affected by toxic substances.  This hazardous waste being transported in the tractor-trailer was generated, packaged, disposed of, or transported by the Defendants.  Plaintiff's exposure to toxic substances caused him to suffer severe personal injuries, for which he now brings suit.

### Jurisdiction and Venue

2.　Jurisdiction is based on diversity of citizenship between Plaintiff and Defendants, and the matter in controversy, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00). 28 U.S.C. § 1332.

3.      The acts, omissions, negligence, and breaches of duty which give rise to this action occurred and were committed in the Southern District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**Parties**

4.      Plaintiff Anthony Terrazas is a resident of Houston, Harris County, Texas.

5.      Defendant Clean Harbors Environmental Service, Inc., is a hazardous waste transporter, carrier and/or disposer. It is a foreign corporation having its principal place of business located at 42 Longwater Drive, Norwell, Massachusetts 02061. Clean Harbors Environmental Services, Inc., conducts business throughout the United States, including the State of Texas, and can be served through its registered agent for service of process, CT Corporation Systems, 1999 Bryan St., Suite 900, Dallas Texas 75201.

6.      Olein Recovery Corporation is a petroleum lubricating oil and grease manufacturer, transporter, carrier and/or disposer. It is a domestic corporation with its principal place of business located at Carr. 901 KM 2.7, Bo. Camino Nuevo, Yabucoa, Puerto Rico 00767. Olein Recovery Corporation conducts business throughout the United States, including the State of Texas, and can be served through its registered agent for service of process, Jorge Gonzalez, at the same address.

7.      Safety-Kleen Envirosystems Company of Puerto Rico, Inc., is a hazardous waste transporter, carrier and/or disposer. It is a foreign corporation with its principal place of business located at K.M. 51 Highway #2, Manati, Puerto Rico 00674. Safety-Kleen Envirosystems Company of Puerto Rico, Inc., conducts business throughout the United States, including the State of Texas, and can be served through its registered agent for service of process, CT Corporation, 361 San Francisco St. Penthouse, Old San Juan, San Juan Puerto Rico 00910.

8.      Clean Harbors Caribe, Inc., is a hazardous waste transporter, carrier and/or disposer. It is a domestic corporation with its principal place of business located at State Road 869,

No.2 Palmas Ward, Catano, Puerto Rico, 00963. Clean Harbors Caribe, Inc., conducts business throughout the United States, including the State of Texas, and can be served through its registered agent for service of process, Maria Mendez, at the same address.

## Facts

9. Texas Department of Public Safety Trooper Anthony Terrazas was born and raised in El Paso, Texas. He joined the Air Force after graduating high school and served honorably for more than six years. After being honorably discharged, he applied for and entered the Texas Department of Public Safety's Trainee School. He graduated in 2016 and began his work as "Trooper Terrazas." Through continuing education, he received additional training in Commercial Vehicle Enforcement. He has been married for seven years and has two children. He has lived in and served Harris County since December 2016.

10. On July 24th, 2020, Trooper Terrazas was performing routine motor carrier enforcement on State Highway (SH) 225 and SH 146 in La Porte Texas. Part of Trooper Terrazas's duties included inspecting tractor-trailers transporting hazardous waste to ensure that said hazardous waste was being transported safely and in conformance with federal regulations.

11. Trooper Terrazas observed a tractor-tractor pulling a freight container displaying various placards indicating that it contained hazardous waste. He pulled it over.

12. The tractor-trailer was owned and operated by Defendants. It was transporting or carrying hazardous waste generated in Puerto Rico by Olein Recovery Corporation. This hazardous waste was in route to an incineration facility located in Arkansas that was owned by Clean Harbors El Dorado, LLC.

13. Trooper Terrazas advised the driver of the vehicle that he would be conducting a hazardous materials inspection on the tractor-trailer and its contents. This inspection would take

place at the La Porte Commercial Vehicle Enforcement pad. Trooper Terrazas advised the driver to follow him to said pad.

14. This hazardous waste inspection includes inspecting the tractor-trailer's shipping papers, placards, labels, containers, and load to insure compliance with federal regulations.

15. After arriving at the pad, Trooper Terrazas inspected the shipping papers related to the hazardous materials. Trooper Terrazas then advised the driver that he needed to open the freight container to inspect its load. Trooper Terrazas walked to the back of the container, broke the seal on its door, and had the container doors opened.

16. Immediately upon opening the doors, Trooper Terrazas and the driver detected a strong odor. Terrazas became lightheaded and felt a tightness in his chest. After pausing to reorientate himself, Trooper Terrazas stepped up onto the doorway opening and looked into the container. The continued odor made clear that there was a hazardous material leak or release inside the container.

17. Trooper Terrazas informed his onsite colleagues and his supervisor of the hazardous material leak or release. La Porte Fire Department was called to the scene and did an inspection on the vehicle. The fire department confirmed that there was a hazardous material leak or release from inside the container.

18. The decision was made for the tractor-trailer to be transported to a nearby secured location for further inspection and remediation by Clean Harbors Environmental Services, Inc. Trooper Terrazas escorted the tractor-trailer to said location.

19. After ensuring that tractor-trailer was at the secured location, Troop Terrazas continued to have lightheadedness, disorientation, and problems breathing. He was directed to immediately go to the emergency room at Memorial Hermann Southwest. He was released eight hours later after undergoing decontamination.

20. Trooper Terrazas woke up the next day, hoping to return to duty. Despite having ongoing symptoms, he went to a COVID-19 test site to work. At the test site, his symptoms worsened. He began coughing up blood, lost his voice, and discovered a bump on his arm. He went to Physicians Premier Emergency Room of Clear Lake for further treatment and evaluation.

21. Trooper Terrazas has not returned to work since July 25, 2020. He has been diagnosed with serious pulmonary and neurological injuries. His prognosis remains uncertain.

## Claim for Relief I
### (Negligence)

22. Plaintiff hereby incorporates by reference all preceding allegations of the Complaint as if fully set forth herein.

23. Defendants Clean Harbors Environmental Service, Inc., Olein Recovery Corporation, Safety-Kleen Envirosystems Company of Puerto Rico, Inc., and Clean Harbors Caribe, Inc. had a duty to exercise ordinary care in the generating, transporting, storing, handling, and/or securing hazardous material and/or the chemical substance inside the freight container in a reasonable, safe, and prudent manner. Defendants breached that duty in one or more of the following respects:

    a.    Failing to make safe the hazardous waste inside the freight container;

    b.    Failing to inspect and/or monitor the freight container for any dangerous conditions;

    c.    Failing to develop, implement, and/or enforce policies and procedures regarding the safe transportation, storage, and/or handling of the hazardous waste found in the freight container;

    d.    Failing to warn persons who they knew would come into contact with the hazardous waste about the potential dangers of the waste and the actions that should be taken therewith;

  e.  Failing to hire and/or retain adequate and/or reasonably competent personnel to secure and make safe the hazardous waste in the freight container;

  f.  Failing to warn of potential hazards in the freight container;

  g.  Failing to follow, enforce, and/or adhere to the requirements made by local, state, and/or federal governmental agencies with regard to the transportation and handling of hazardous waste;

  h.  Failing to properly characterize the hazardous waste; and/or

  i.  Other acts of negligence, incompetence, and/or omissions, which may be proved by the evidence at trial.

## Claim for Relief II
### (Negligence Per Se)

24. Plaintiff hereby incorporates by reference all preceding allegations of the Complaint as if fully set forth herein.

25. Defendants, as generators, transporters, and carriers, violated numerous federal statutes and/or regulations. These include violations of the Federal Motor Carrier Safety Regulations (FMCSR) that specifically addresses the obligations of transporters or carriers of hazardous substances, and provisions of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.*, that specifically addresses the obligations of generators of hazardous waste. Specific violations include violations of 49 CFR § 171.1, § 171.2, § 173.24, and § 177.841, and 40 CFR § 262.11. These include, but are not limited to the, the specific sections:

49 CFR § 171.2(e); (i)

> (e) No person[1] may offer or accept a hazardous material for transportation in commerce unless the hazardous material is properly classed, described, packaged, marked, labeled, and in

---

[1] Person means an individual, firm, co-partnership, corporation, company, association, or joint-stock association (including any trustee, receiver, assignee, or similar representative); or a government or Indian tribe (or an agency or instrumentality of any government or Indian tribe) that transports a hazardous material to further a commercial enterprise or offers a hazardous material for transportation in commerce. 49 CFR § 107.1.

> condition for shipment as required or authorized by applicable requirements of this subchapter or an exemption or special permit, approval, or registration issued under this subchapter or subchapter A of this chapter.
>
> ….
>
> (i) No person may *certify* that a hazardous material is offered for transportation in commerce in accordance with the requirements of this subchapter unless the hazardous material is properly classed, described, packaged, marked, labeled, and in condition for shipment as required or authorized by applicable requirements of this subchapter or an exemption or special permit, approval, or registration issued under this subchapter or subchapter A of this chapter. Each person who offers a package containing a hazardous material for transportation in commerce in accordance with the requirements of this subchapter or an exemption or special permit, approval, or registration issued under this subchapter or subchapter A of this chapter, *must assure* that the package remains in condition for shipment until it is in the possession of the carrier.

49 CFR § 173.24(b)(1)

> (b) Each package used for the shipment of hazardous materials under this subchapter shall be designed, constructed, maintained, filled, its contents so limited, and closed, so that under conditions normally incident to transportation –
>
>> (1) Except as otherwise provided in this subchapter, *there will be no identifiable (without the use of instruments) release of hazardous materials to the environment*;
>>
>> (2) The effectiveness of the package *will not be substantially reduced*; for example, impact resistance, strength, packaging compatibility, etc. must be maintained for the minimum and maximum temperatures, changes in humidity and pressure, and shocks, loadings, and vibrations, normally encountered during transportation;

40 CFR § 262.11 (a); (f)

A person who generates a solid waste, as defined in 40 CFR 261.2, must make an accurate determination as to whether that waste is a hazardous waste in order to ensure wastes are properly managed according to applicable RCRA regulations. A hazardous waste determination is made using the following steps:

> (a) The hazardous waste determination for each solid waste must be made at the point of waste generation, before any dilution, mixing, or other alteration of the waste occurs, and at any time in the course of its management that it has, or may have, changed its properties as a result of exposure to the environment or other factors that may change the properties of the waste such that the RCRA classification of the waste may change.
>
> (f) A small or large quantity generator must maintain records supporting its hazardous waste determinations, including records that identify whether a solid waste is a hazardous waste, as defined by 40 CFR § 261.3.  Records must be maintained for at least three years from the date that the waste was last sent to on-site or off-site treatment, storage, or disposal.  These records must comprise the generator's knowledge of the waste and support the generator's determination, as described at paragraphs (c) and (d) of this section. The records must include, but are not limited to, the following types of information: The results of any tests, sampling, waste analyses, or other determinations made in accordance with this section; records documenting the tests, sampling, and analytical methods used to demonstrate the validity and relevance of such tests; records consulted in order to determine the process by which the waste was generated, the composition of the waste, and the properties of the waste; and records which explain the knowledge basis for the generator's determination, as described at paragraph (d)(1) of this section. The periods of record retention referred to in this section are extended automatically during the course of any unresolved enforcement action regarding the regulated activity or as requested by the Administrator.

26. Plaintiff is within the class of persons which this ordinance was designed to protect. Defendant's actions in failing to adhere to the above statute or regulations proximately caused Plaintiff to suffer severe damages.

## **Damages**

27. Plaintiff sues to recover all elements of compensable damages under Texas law. Additionally, he seeks appropriate prejudgment interest thereon, as provided by law.

28. If the evidence at trial demonstrates the level of culpability necessary for an assessment of punitive or exemplary damages, then Plaintiff seeks an award in such amount as the Jury shall deem appropriate.

**Jury Demand**

29. Plaintiff invokes his constitutional right to trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon the final trial of this case, a Final Judgment be entered by this Court in Plaintiff's favor and against Defendants awarding such compensatory and punitive damages to Plaintiff as are appropriate, plus interest and costs, and such other relief as is just and proper.

    Respectfully submitted,

    VICKERY & SHEPHERD, LLP

    */s/ Brian B. Winegar*
    Brian B. Winegar
    Texas Bar No. 24081218
    Arnold Anderson Vickery
    Texas Bar No. 20571800
    Fred H. Shepherd
    Texas Bar No. 24033056
    Earl Landers Vickery
    Texas Bar No. 20571900
    10000 Memorial Drive, Suite 750
    Houston, TX 77024-3485
    Telephone: 713-526-1100
    Facsimile: 713-523-5939
    Email: brian@justiceseekers.com
    Email: andy@justiceseekers.com
    Email: fred@justiceseekers.com
    Email: lanny@justiceseekers.com
    *Counsel for Plaintiff*